IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ARMON WAYNE THURMAN #259079 | ) | |
| | ) | |
| V. | ) | 3-05-CV-1376-B |
| | ) | |
| DOUGLAS DRETKE, Director, | ) | |
| Texas Department of Criminal Justice | ) | |
| Correctional Institutions Division | ) | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in implementation thereof, the subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

Although filed on the standard form for a habeas corpus proceeding filed by a state inmate, the substance of the allegations contained therein complain of conditions of confinement to which Thurman was subjected at the Stiles Unit and at the Beto I Unit of the Texas Department of Criminal Justice - Correctional Institutions Division, both of which are located in the Eastern District of Texas.

Ordinarily a prisoner's pleadings are entitled to liberal construction. Further, it is clear that venue in the Northern District of Texas is improper. However, these pleading errors are not attributable to an inmate's lack of legal training, but are an attempt to mislead the court.

In his pleading the prisoner identifies himself as Armon Wayne Thurman. However, his true name, unless legally changed, is Thurman Wayne Armon. Since 1991 using his correct surname and

correct prisoner identification number Armon has filed numerous cases in the Northern District of Texas and in the Eastern District of Texas. Most recently he filed a civil rights action in the Eastern District of Texas, Beaumont Division, which was dismissed for failure to comply with outstanding sanction orders issued by federal courts. (See Attachment 1, Armon v. Doughty, et al, 1-04-cv-24, E.D. Tex., Beaumont Division).

As related in Magistrate Judge Hines's recommendation in Armon v. Nguyen, No. 94-10721 (5th Cir. 1995), the Fifth Circuit barred Armon/Thurman from filing any civil rights complaints in federal court within the Fifth Circuit without first receiving written authorization to do so.[1] He has not complied with this requirement.

RECOMMENDATION:

In accordance with the order of the Fifth Circuit it is recommended that this action be promptly dismissed.

A copy of this recommendation shall be transmitted to Petitioner.

SIGNED this 20th day of July, 2005.

*Wm. F. Sanderson, Jr.*
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996)

---

[1] Had Armon used his correct surname, the Clerk probably would have returned his pleading prior to filing in accordance with the Fifth Circuit's order.

(en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a de novo determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

FILED - CLERK
U.S. DISTRICT COURT
2004 APR 20 PM 4: 59
TX EASTERN-BEAUMONT
BY _____

| | |
|---|---|
| THURMAN WAYNE ARMON § | |
| VS. § | CIVIL ACTION NO. 1:04cv24 |
| WARDEN D. DOUGHTY, ET AL. § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Thurman Wayne Armon, an inmate confined at the Stiles Unit of the Texas Department of Criminal Justice, Institutional Division (TDCJ-ID), proceeding *pro se*, brings this motion for leave to file a civil rights complaint against Warden D. Doughty, C. Mosley, and Captain Hatch. The defendants are employed at the Stiles Unit. Defendant Doughty is the senior warden, defendant Mosley is the security warden, and defendant Hatch is a captain.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

### Discussion

On September 20, 1994, plaintiff was sanctioned by the United States Court of Appeals for the Fifth Circuit for filing frivolous cases and appeals. *Armon v. McLeod*, No. 94-40522 (5th Cir. Sept. 20, 1994) (unpublished). Plaintiff was ordered to pay a sanction of $100. He was also barred from filing any pleadings without first obtaining leave of court until the sanction was paid. Plaintiff was further instructed to review his pending appeals and

to withdraw any that were frivolous.

Plaintiff was once again sanctioned on January 26, 1995. *Armon v. Nguyen*, No. 94-10721 (5th Cir. Jan. 26, 1995) (unpublished). The Fifth Circuit ordered:

> To the sanction imposed in Armon v. McLeod . . . , we impose the further sanction that, subject to further order of this Court, Armon may not file any civil rights complaint in any district court subject to the jurisdiction of this Court without first receiving written authorization to do so from a district or magistrate judge of the forum; nor may he appeal any such action without first receiving the written authorization to do so from an active judge of this Court. The clerks of court are directed to return unfiled any pleading tendered in violation of this order, and any such pleading that is inadvertently filed is to be promptly dismissed.

*Id.* (citation omitted).

Plaintiff moved for leave to file this complaint asserting that he is not able to proceed without permission. The fine imposed against plaintiff in *Armon v. McLeod*, No. 94-40522 has been paid and, therefore, plaintiff is no longer barred from filing pleadings under the sanctions imposed in that case. However, the sanctions imposed in *Armon v. Nguyen*, No. 94-10721, remain in effect. Therefore, plaintiff must obtain authorization from the court in order to file this civil rights action.

The Fifth Circuit imposed a $100 sanction against plaintiff for filing frivolous lawsuits and appeals and further advised plaintiff to withdraw any pending frivolous appeals. The Court's admonishment and sanction were ineffective because plaintiff continued to pursue his appeal in *Armon v. Nguyen*. That appeal was subsequently dismissed as frivolous. As the monetary sanctions were inadequate to prevent plaintiff from pursuing frivolous litigation, plaintiff was barred from filing any civil rights complaint without obtaining leave of court.

The court must assess plaintiff's complaint to ascertain whether it warrants further

2

consideration. The Fifth Circuit has not provided a standard for determining when a sanctioned litigant should be allowed to file another lawsuit. Therefore, this court must first decide what standard to applies to plaintiff's motion for leave to file, and then apply that standard to his proposed complaint.

In the context of prisoner litigation, there are two standards designed to prevent litigants from wasting judicial resources by filing meritless lawsuits. Under the first, the court is required to review prisoner complaints as soon as practicable after docketing and dismiss the case if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. The district court is required to screen every prisoner complaint in this manner. Applying this standard to a sanctioned prisoner would allow him the same consideration as that afforded to a first time litigant. The sanctions would then lose their deterrent effect and would not prevent sanctioned litigants from wasting judicial resources. Accordingly, the court rejects Section 1915A as the appropriate standard in this instance.

Another possible standard to apply when considering a sanctioned litigant's motion for leave to file is found in 28 U.S.C. § 1915(g), created by the Prison Litigation Reform Act ("PLRA"). Pub.L. No. 104-134, 110 Stat. 1321 (1996). The PLRA was enacted to deter frivolous prisoner litigation. *Patton v. Jefferson Correctional Center*, 136 F.3d 458, 464 (5th Cir. 1998). Section 1915(g) prohibits prisoners from repeatedly filing frivolous or malicious complaints. The statute provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action [*in forma pauperis*] . . . if the prisoner has, on three or more occasions . . . brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a

3

claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Sanction orders generally do not specify circumstances under which a sanctioned litigant may file a subsequent action, but Section 1915(g) provides a relatively clear standard. A prisoner who is barred from proceeding *in forma pauperis* under Section 1915(g) may not litigate actions unless he is in imminent danger of serious physical harm at the time he files the lawsuit. *Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998).

Section 1915(g) furthers the same goal as sanctions; both are intended to deter prospective litigants from wasting judicial resources by repeatedly filing frivolous actions. Further, Section 1915(g) applies to this action because at least three of plaintiff's prior lawsuits or appeals have been dismissed as frivolous and plaintiff is seeking leave to proceed *in forma pauperis*.[1] *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996) (holding that a dismissal counts as a "strike" once the appeal has been exhausted or waived). After thorough consideration, this is also the appropriate standard to apply when determining whether a sanctioned litigant should be granted leave to file a new lawsuit. Accordingly, plaintiff may only file this complaint if he was in imminent danger of serious physical injury.

Plaintiff's proposed complaint contains very general claims of having been inappropriately housed with African-Americans and homosexuals, and of having been previously assaulted. After reviewing the proposed complaint, the court concludes the subject matter of

---

[1] *See Armon v. Neff*, No. 3:93cv2294 (N.D. Tex. 1994) (dismissed as frivolous), Appeal No. 94-10160 (5th Cir. July 19, 1994) (appeal dismissed as frivolous); *Armon v. Griffith*, 1:94cv244 (E.D. Tex. 1994) (dismissed as frivolous), Appeal No. 94-40597 (5th Cir. Sept. 20, 1994) (appeal dismissed as frivolous); *Armon v. McLeod*, No. 1:94cv78 (E.D. Tex. 1994) (dismissed as frivolous), Appeal No. 94-40522 (5th Cir. Sept. 20, 1994) (appeal dismissed as frivolous); and *Armon v. Nguyen*, No. 3:94cv999 (N.D. Tex. 1994) (dismissed as frivolous), Appeal No. 94-10721 (5th Cir. Jan. 26, 1995) (appeal dismissed as frivolous).

this action does not involve an imminent danger of serious physical injury to the plaintiff. Therefore, plaintiff should be denied leave to file this action and the case should be dismissed as improvidently filed.

### Recommendation

Plaintiff's request for leave to file this lawsuit should be denied. The above-styled action should be dismissed as improvidently filed.

### Objections

Objections must be (1) specific, (2) in writing, and (3) served and filed within ten days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); FED.R.CIV.P 6(a), 6(b) and 72(b).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996)(en banc).

SIGNED this 16 day of April, 2004.

_Earl S. Hines_
EARL S. HINES
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

FILED - CLERK
U.S. DISTRICT COURT
2004 JUN -4 PM 1: 47
TX EASTERN-BEAUMONT
BY_____

| THURMAN WAYNE ARMON | § | |
|---|---|---|
| VS. | § | CIVIL ACTION NO. 1:04cv24 |
| WARDEN D. DOUGHTY, ET AL. | § | |

### FINAL JUDGMENT

This action came on before the Court, Honorable Marcia A. Crone, District Judge, presiding, and the issues having been duly considered and a decision having been duly rendered, it is

**ORDERED** and **ADJUDGED** that plaintiff take nothing, and this lawsuit is **DISMISSED** without prejudice.

All motions by either party not previously ruled on are hereby **DENIED**.

**SIGNED** this 4th day of June, 2004.

_Marcia A. Crone_
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE